# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| NICOLE BOETTGER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:20-cv-01787 |
| MIDLAND CREDIT MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Nicole Boettger ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of Midland Credit Management, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) Plaintiff resides in the Eastern District of Wisconsin, Defendant conducts business in the Eastern District of Wisconsin, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant engages in collection activities in the state of Wisconsin.

6. Defendant is a collection agency with the primary business purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Wisconsin.

## FACTS SUPPORTING CAUSES OF ACTION

7. On or around November 27, 2020 at 3:22 P.M., Defendant began placing collection calls to Plaintiff's telephone number (402) XXX-0791.

8. At all times relevant to the instant action, Plaintiff was the sole owner, possessor, and operator of the telephone ending in 0791.

9. Upon answering Defendant's phone call, Defendant's representative asked to speak to "Jason," and questioned if Plaintiff is Jason's wife. Defendant was attempting to collect an alleged debt ("alleged debt") owed by an individual by the name of "Jason Kouch."

10. Plaintiff *never* provided her telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[1]

11. Plaintiff was perplexed because Jason, Plaintiff's roommate, does not share any bills with Plaintiff and has never provided her information as a cosigner or reference for any accounts.

---

[1] Upon information and belief, Defendant obtained Plaintiff's telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

12. During the phone call, Plaintiff informed Defendant that she was not married to Jason. Defendant's representative relentlessly continued to question Plaintiff's relationship to Jason, and even asked Plaintiff if she "is his property."

13. After a full conversation of assuring Defendant's representative that Plaintiff is not married to Jason, the representative finally revealed that Plaintiff had been on a recorded line for the duration of the call.

14. Despite knowing that Plaintiff was not "Jason" or Jason's wife, and that Plaintiff's phone number was the wrong number to reach that consumer, Defendant continued to call Plaintiff.

15. On or about November 30, 2020 at 4:55 pm, Plaintiff answered another phone call from Defendant.

16. Plaintiff reiterated that she was not Jason or Jason's wife, and Defendant's representative continued to pressure Plaintiff into revealing that she is married to Jason, suggesting that she is also liable to pay the alleged debt. Defendant's representative attempted to coerce Plaintiff into providing Jason's contact information and to pay the alleged debt on his behalf.

17. Frustrated at her repeated efforts to get Defendant to stop pressuring her for information, Plaintiff said that Defendant has the wrong number and hung up the phone.

18. Despite Plaintiff's pleas for Defendant to cease communication, Defendant continued to call Plaintiff's cellular phone.

## DAMAGES

19. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

21. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

27. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant used the phone to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's phone communications to Plaintiff were made in connection with the collection of the alleged debt.

30. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

4

### a. Violations of FDCPA § 1692c

31. Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff after being notified to stop and that she was not the correct person Defendant is attempting to contact. This repeated behavior of continuously and systematically calling Plaintiff's telephone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and that she was not the owner of the debt, or his wife, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belonged to another individual.

32. Moreover, Defendant was repeatedly notified by Plaintiff that she is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA § 1692d

33. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's telephone seeking immediate payment on a debt that did not belong to her. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that she did not owe the alleged debt and demanded that the calls cease.

34. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff.

### c. Violations of FDCPA § 1692e

35. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant knowingly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant

5

Case 2:20-cv-01787-WED   Filed 12/03/20   Page 5 of 7   Document 1

continued its harassing behavior by calling Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

36. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that she did not legally owe, and continuously pressuring her to provide information about the owner of the debt. These means employed by Defendant only served to worry and confuse Plaintiff.

37. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

39. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

40. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff NICOLE BOETTGER respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 3, 2020                          Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com